THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES McLAUGHLIN, Appellant.

Argued December 2, 1943; decided January 6, 1944.

*Joseph Lonardo* for appellant. The denial of defendant's request for an adjournment to procure new counsel; the assignment of counsel, and the forcing of the trial at once, was an abuse of discretion, and denied to defendant his right to be represented by counsel of his own choice and to be afforded a reasonable time to prepare for trial. (*People* v. *Price,* 262 N. Y. 410; *People* v. *Gordon,* 262 App. Div. 534; State Const. art. 1, § 6; Code Crim. Pro. § 8; *People* v. *Kerber,* 172 App. Div. 755: *People* v. *Schindler,* 124 Misc. 73; *People* v. *Jackson,* 111 N. Y. 362; *People* v. *Hull,* 251 App. Div. 40; *People* v. *Calabur,* 91 App. Div. 529; *People* v. *Palaguay,* 216 App. Div. 508; *People* v. *Botwin,* 241 App. Div. 527.) The testimony of detective Knott, in rebuttal, was incompetent in that it was collateral to the issue and in that it was designed to show a previous arrest and trial, though he had been acquitted. The testimony of the witness Dolan was incompetent in that it was improper rebuttal, as it prejudicially tended to, and did confuse the issue, in that it went far beyond the limitations of rebuttal testimony, in that there was no foundation for its most prejudicial features and in that it did not tend to solve the issue on trial. (*People* v. *Harris,* 209 N. Y. 70.)

*Charles P. Sullivan, District Attorney* (*James F. T. Delaney* of counsel), for respondent. There was no infringement of appellant's right to be represented by counsel of his own choice. The testimony of the witness Dolan was properly received in rebuttal. Any suggestion that the proof in question tended to divert attention from the prime issue is patently baseless. (*Gordon* v. *People,* 33 N. Y. 501.) The rebuttal testimony was offered in its proper order, following a denial which precluded further inquiry as to matters necessarily included by such denial.

DESMOND, J. Defendant, in January, 1940, was indicted with other persons on charges of robbery, larceny and assault, growing out of an alleged theft from a motor truck of a large quan-

tity of whiskey. On June 25, 1940, after the cases against some of the other defendants had been disposed of, appellant McLaughlin's case was called up before the County Court of Queens County, for a separate trial. An Assistant District Attorney informed the court that "McLaughlin has been sent back to the calendar part to let your Honor pass upon an application." The County Judge then asked appellant: "Why haven't you arranged to be ready for trial?" McLaughlin replied: "I was ready. I have to get a new lawyer." The court thereupon informed appellant in most positive language that appellant was "going to get a lawyer," that he (the court) was going to get one for him, that bail was canceled, defendant remanded to the city prison, and the case set down for trial at two o'clock that afternoon. The record shows that all this took place some time after 12:30 P. M. Appellant's above quoted answer to the court's inquiry as to appellant's reason for his failure to be ready for trial, could only mean that appellant needed and wanted time in which to retain, and confer with, new counsel. Taking the record as we find it, we must conclude that appellant neither asked nor wished that counsel be assigned to him by the court. Yet counsel was so assigned, for the record next contains an announcement by the court, presumably made after appellant had been taken back to the city prison, that a certain named attorney had accepted an assignment — "and we will try the case at two o'clock", announced the court. Whether counsel so assigned interviewed appellant before trial we do not know, but any such interview must have been a very brief one, for the case did go to trial at two o'clock that afternoon. Twenty-four hours later defendant stood convicted of robbery in the first degree. He received the mandatory sentence of from ten to thirty years in prison.

"Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing" (*People* v. *Price,* 262 N. Y. 410, 412). That right, based as it is on a fundamental principle of justice, must be protected by the trial judge. (*Glasser* v. *United States,* 315 U. S. 60, 71.) To give it "life and effect  *  *  *  it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the

trial '' (*People ex rel. Burgess v. Risley,* 66 How. Pr. 67, 68). This fundamental right is denied to a defendant unless he gets reasonable time and a fair opportunity to secure counsel of his own choice and, with that counsel's assistance, to prepare for trial; no last-minute, peremptory assignment of counsel will serve, particularly when made at such a time and under such circumstances as practically to preclude the giving by counsel to prisoner and prisoner to counsel, of effective aid in the preparation of the case. (U. S. Const., 6th Amdt.; State Const. art. I, § 6; *Powell* v. *Alabama,* 287 U. S. 45; *Johnson* v. *Zerbst,* 304 U. S. 458; Code Crim. Pro., §§ 8, 188, 308; *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24.) Not only must this primary right be protected, but there must be made a record of all proceedings that have a bearing thereon, so that intelligent review may be had. The record before us does not show adequate protection of this defendant's rights, and so his conviction cannot stand. In such a situation, the absence of exceptions is no bar to a reversal. (*People* v. *Bradner,* 107 N. Y. 1; *People* v. *Miles,* 289 N. Y. 360, 363.)

We note two other violations of the settled rules for the conduct of criminal trials. The Assistant District Attorney announced a consent that '' both sides waive the right to open in this case.'' The Code of Criminal Procedure (§ 388) directs that the District Attorney '' *must* open the case ''; defendant's counsel '' may '' open for the defense. (See *People* v. *Romano,* 279 N. Y. 392, 395.) The other error, to which exception was taken, was in permitting protracted '' rebuttal '' testimony on a purely collateral matter as to which the prosecution was bound by defendant's answers on cross-examination. (*People* v. *Perry,* 277 N. Y. 460, 467.)

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur.

Judgments reversed, etc.