THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* NEIL PALMER, Also Known as NEAL PALMER, Respondent.

Submitted April 7, 1947; decided May 22, 1947.

*Daniel J. O'Mara, District Attorney* (*Harry L. Rosenthal* of counsel), for appellant. I. Respondent was duly advised of his right to counsel, and to an adjournment to procure counsel as required by the provisions of section 699 of the Code of Criminal Procedure. II. The conviction was based upon an unequivocal plea of guilty. (*Moore* v. *Hudspeth,* 110 F. 2d 386; *Buckner* v. *Hudspeth,* 105 F. 2d 396, 308 U. S. 553.)

*John P. Lomenzo* for respondent. The trial court did not comply with constitutional and statutory requirements. (Code Crim. Pro., § 699.)

DESMOND, J. Defendant, arrested on a misdemeanor charge (of violating section 1140 of the Penal Law), was, on Tuesday, October 1, 1946, brought before a judge of the City Court of Rochester, for arraignment. After he had been told what the complaint was, defendant was informed by the judge that he was " entitled to counsel and an adjournment to procure counsel." Asked if he understood the charge, he answered " Yes." Asked whether he pleaded guilty or not guilty, he replied that he did not " know how to plead." If defendant at that point had pleaded guilty, there would, probably, have been a violation of the second subdivision of section 699 of the Code of Criminal Procedure, which requires a magistrate to " allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose." But defendant did not enter any plea at all at that time. Instead, he engaged in a colloquy, of considerable length, with the judge, in the course of which the court thrice told defendant that he might have time to get a lawyer, telling him also that sentence would not be passed " until you get a lawyer." After all this discussion, which included a statement by the court that defendant would not be released unless he should put up " substantial bail ", defendant pleaded not guilty. The court thereupon announced an adjournment of the case until October 10th, nine days later, commenting that defendant " ought to be ready for trial " then. Defendant, however, asked for an earlier date but the judge told him that he ought to " have time for your lawyer to talk it over with you." Defendant repeated his request for an earlier trial date. The judge offered to adjourn the matter till Monday, which would have been six days after the arraignment. Defendant inquired as to whether it could be Saturday (October 5th). He was told that no trials were held on Saturday. Then, apparently with defendant's concurrence and that of the mother of the complaining witness, the trial was definitely set for Monday, October 7th, and bail was fixed at $500. The court then again brought up the matter of representation of defendant by counsel and offered to let defendant use the telephone, whereupon defendant said that he had notified his brother, who, he said, was on his way to court.

The above summary makes it clear that at this juncture there **had** been accorded to defendant all the rights declared **by**

section 699 (*supra*) and that the City Court Judge had obeyed all the commands of that statute. Later the same day, however, defendant changed his plea to " guilty " and was sentenced to serve one year in the penitentiary. The County Court, on appeal by defendant, reversed that judgment, holding that " defendant-appellant was not advised of his right to counsel as required by Section 699 of the Code of Criminal Procedure." That holding by the County Court, from which the People appeal, requires us to examine into the proceedings had, later in the day on October 1st, when defendant changed his plea and was sentenced to imprisonment.

After, as aforesaid, defendant had pleaded his innocence, and after the amount of bail had been decided on, after trial had been set for a date six days later and defendant had been ordered held in confinement till bail could be arranged for, a court attendant notified the judge that defendant wished " to ask the Court some questions." Defendant, again appearing before the bench, told the court that he had to " see about my wife ", saying that he had to pay rent on his house and that he did not know how his wife would get along if he were " sent up ". The judge who had, as we have pointed out, previously instructed defendant fully as to his rights in regard to counsel, bail and adjournment, now told defendant that if defendant should plead guilty, he would be sentenced that same day. However, said the judge, no " bargains " could be made and no advance information given as to what that sentence would be. Asked if he had any more questions, defendant instead volunteered: " I am sure it will never happen again." The court asked defendant: " What were you doing? "— that being, apparently, an inquiry as to what defendant meant by saying " it will never happen again." The court then asked whether defendant pleaded guilty or not guilty. Defendant answered " not guilty." The court, probably puzzled by all this, asked defendant whether he had come back into court to change his plea. Defendant then announced he pleaded guilty. The court was careful to ask defendant whether he had committed the alleged criminal act, and if there was " no question about it ", to both of which questions defendant gave affirmative answers. Defendant then went on to tell the court that

his wife and child had no money, and promised that he would go to church every Sunday. The court again read the information to defendant, mentioned defendant's several previous convictions on the same or similar charges, and pronounced sentence. There is not a word in this record suggesting that defendant was not fully apprised of all his rights, or that he did not understand exactly what those rights were and what was going on in the courtroom. Offered and given an adjournment to get bail and counsel and to prepare his defense, he voluntarily came back into court, and on his own initiative, confessed his guilt and changed his plea. We do not see what the City Court Judge could have done except enter judgment. It is only in capital cases (Code Crim. Pro., § 332) that a plea of guilty must be refused.

This court has properly gone to great lengths in seeing to it that defendants are informed of their right to retain counsel or have counsel assigned to them, and to a fair allowance of time for preparation for trial, with the aid of counsel (*People* v. *McLaughlin,* 291 N. Y. 480). But the court does not have to force counsel on a defendant, or forcibly prevent him from pleading guilty. A defendant's right to be assisted by counsel (N. Y. Const., art. I, § 6.) may be waived by him, if the waiver be a knowing, deliberate and informed relinquishment of the right (see *Johnson* v. *Zerbst,* 304 U. S. 458). This defendant. after having been on five separate occasions plainly told by the court that he could and should have counsel, changed his mind and his plea.

The order of the County Court of Monroe County should be reversed and the judgment of the City Court of Rochester affirmed.

CONWAY, J. (dissenting). This is an appeal by the People by permission of the Presiding Justice of the Appellate Division, Fourth Department, from an order of the County Court of Monroe County reversing a judgment of conviction rendered on a plea of guilt to a charge of violation of section 1140 of the Penal Law in the City Court of Rochester.

Upon his arraignment on October 1st the defendant obtained an adjournment so as to secure the services of counsel. Such adjournment was at first granted to October 10th. Then upon

the application of the defendant for an earlier date, the case was adjourned to October 7th and bail fixed at $500. The statute, Code of Criminal Procedure, section 699, subdivision .3, requires that immediately after the appearance of counsel the charge must be distinctly read to the defendant and he must be required to plead thereto.

After the adjournment and later in the morning the following occurred:

" Later: Court Attendant: Mr. Palmer wants to ask the Court some questions. Deft.: I want to see about my wife. I am living in a house and have to pay rent. If I am sent up I don't know how she would get along. Court: As I explained to you, if you plead guilty you will be sentenced today. I cannot tell you what the sentence would be. In other words, I am not going to make any bargains with you. Deft.: I can promise you — Court: No, I don't want any promises. You came out I understood to ask me some questions. Anything else? Deft.: I am sure it will never happen again. Court: What were you doing? Deft.: I am going to join the church. Court: How do you plead, guilty or not guilty? Deft: *I plead not guilty.* Court: What are you talking about you will not do it again for? Do you want to change your plea? Is that what you came up here for? Deft.: Yes. Court: How do you plead? Deft.: I plead guilty. Court: You did do this thing you are charged with, exposed yourself? Deft.: Yes. Court: There is no question about it? " (Emphasis supplied.)

That procedure was violative not only of the statute but of defendant's constitutional rights both under the Federal and our State Constitutions (U. S. Const., 6th and 14th Amendts.; *Powell* v. *Alabama,* 287 U. S. 45, 67, 68; N. Y. Const., art. I, § 6; *People* v. *McLaughlin,* 291 N. Y. 480, 482). The right to counsel is based upon a fundamental principle of justice and must be *protected* by the court. (*Glasser* v. *United States,* 315 U. S. 60, 71.) The lower in type and more abject the prisoner, the more does he need protection in order that the administration of justice be evenhanded. Here the defendant had been granted a reasonable time to obtain counsel of his own choice. The case had been adjourned for that purpose. He was entitled to consult that counsel before being asked to plead to the charge. (Code Crim. Pro., § 699, subd. 3.) There-

after the adjournment was disregarded and not only was the right to counsel not protected by the court but, what was much worse, a prisoner, unrepresented by counsel, was interrogated by the court as to his *guilt* after he had been asked to plead and had pleaded *not guilty*. As we said in *People* v. *McLaughlin* (*supra,* at p. 483). " The record before us does not show adequate protection of this defendant's rights, and so his conviction cannot stand."

The order should be affirmed.

LOUGHRAN, Ch. J., DYE and FULD, JJ., concur with DESMOND, J.; CONWAY, J., dissents in opinion in which LEWIS and THACHER, JJ., concur.

Ordered accordingly.