**JOHNS v. OVERLADE.**

Civ. No. 1084.

United States District Court,
N. D. Indiana, South Bend Division.

July 15, 1953.

Frank L. Oliver, Kokomo, Ind., Kenneth E. Shockley, Kokomo, Ind., for plaintiff-petitioner.

Edwin K. Steers, Atty. Gen., for defendant.

SWYGERT, Chief Judge.

The petitioner asks for a discharge from the custody of the respondent, the Warden of the Indiana State Prison, on a writ of habeas corpus. He alleges that the judgment sentencing him to prison by the Circuit Court of Montgomery County, Indiana, is void because the procedure leading to it was in violation of the Due Process Clause of the Fourteenth Amendment. After the court had denied respondent's motion to dismiss, an answer was filed and a writ of habeas corpus issued. The matter was heard June 9, 1953. The only evidence submitted was the transcript of the record filed in the Indiana Supreme Court in petitioner's attempt to appeal from the denial of his petition for a writ of error coram nobis.

The transcript of the record in the error coram nobis proceeding shows that the petitioner was sentenced for vehicle taking to not less than one nor more than ten years by the Circuit Court of Cass County, Indiana, on September 14, 1942. While serving this sentence in the Indiana Reformatory he escaped with two other prisoners in August, 1946. Within two weeks after their escape they were apprehended and charged in the Circuit Court of Montgomery County, Indiana, with first degree burglary and automobile banditry alleged to have occurred on August 17, 1946.

The petitioner filed his petition for a writ of habeas corpus in this court in 1950. It was dismissed without prejudice to the petitioner asking for leave to reinstate. The dismissal was based on the ground that the petitioner then was serving concurrently the balance of his one-to-ten year sentence he had received in the Cass County Circuit Court with the sentence under attack. The term of that sentence expired September 14, 1952. Immediately thereafter the petitioner asked that his petition be reinstated. His request was granted. In due course the respondent moved to dismiss on the ground that the petitioner had not exhausted his state court remedies. The

motion was denied for the reason that the merits of his petition for writ of error coram nobis were not reached nor considered by the Indiana Supreme Court. Johns v. State, 227 Ind. 737, 89 N.E.2d. 281, 285. It was determined that since the merits of his case had not been considered by the Indiana Supreme Court, there was justifiable excuse for his failure to apply for certiorari to the United States Supreme Court.

The transcript of the record shows that the petitioner and his co-defendants were arraigned in the Montgomery County Circuit Court on August 22, 1946. At the arraignment the judge asked the petitioner, "Do you want an attorney to represent you?" The petitioner replied, "We would like to talk to somebody before sentence is passed." Thereupon the judge appointed the county attorney to represent the defendants. They were taken to a room adjoining the courtroom. There the attorney, according to his testimony, talked to the defendants "possibly fifteen minutes to half an hour." They were then brought back to the courtroom where each entered a plea of guilty. The judge questioned them about their backgrounds and criminal records. He then sentenced each to a sentence of twenty-five years. The prosecuting attorney made no statement about the circumstances of the offense nor did the judge make any inquiry on that subject. The attorney appointed by the court remained silent.

The court-appointed attorney testified in the error coram nobis proceeding that the police were "possibly twenty feet or such a matter away" from the conference which occurred prior to the entry of the guilty pleas. The petitioner and the co-defendants testified that the conference was of even shorter duration and that it was held in the presence of several police officers. The parents of the petitioner testified that they were living in Kokomo at the time and did not know of the proceeding until the day after their son was sentenced. In that connection the following questions by the trial judge to the petitioner and the latter's answers in the error coram nobis proceeding are significant:

"Q. You had been in jail for two or three days before (arraignment)? A. Yes, sir, but I did not have any chance to consult with anybody.

"Q. Did you ask anybody to have an attorney consult with you? A. No, I just asked to be allowed to call my parents or else notify my own attorney.

"Q. Did you have money with which to pay an attorney, or did you ask anyone to furnish you with the money? A. I would have had money to make a call to contact my parents."

In determining the question of whether the procedure leading to the petitioner's sentence comports with due process of law, Judge Emmert's views in his dissenting opinion in Johns v. State, supra, are adopted. Judge Emmert wrote:

"The attorney's testimony taken as a whole concerning the fifteen or thirty minutes conference had with the appellant leaves the inescapable conclusion that he did not afford the appellant the representation required by the decisions of this court under § 13 of Article I of our Bill of Rights. A mere perfunctory representation by counsel is insufficient. Rhodes v. State, 1927, 199 Ind. 183, 156 N.E. 389; Wilson v. State, 1943, 222 Ind. 63, 51 N.E.2d 848; Castro v. State, 1925, 196 Ind. 385, 147 N.E. 321. Nor did it comply with the rules laid down by the United States Supreme Court on the right to competent and adequate counsel under the "due process" clause of the Fourteenth Amendment. Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527."

The facts surrounding the arraignment including the hurried conference of the court-appointed counsel permits only one conclusion, the petitioner did not have the "aid of counsel in any real sense". Powell v. State of Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 60, 77 L.Ed.

158; People v. McLaughlin, 291 N.Y. 480, 53 N.E.2d 356.

This memorandum shall be considered the court's findings of fact and conclusions of law.

An order will be entered discharging the petitioner from the custody of the respondent. To afford the State of Indiana an opportunity to proceed further in the prosecution of the petitioner and also to obtain the views of the parties with regard to the question of surety under Rule 9(c) of the Rules of the Court of Appeals for the Seventh Circuit, the order will not be entered until July 21, 1953.