Anthony Manguso, J.
This is an appeal from a judgment rendered in the Police Justice Court in the village of East Aurora, New York, convicting the defendant, William L. Prior, on his plea of guilty of the crime of driving a motor vehicle while intoxicated in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law.
The return of the Police Justice together with the affidavit of errors on appeal discloses that the defendant was arrested on the 12th day of January, 1957 at about one o’clock in the forenoon of that day in the village of East Aurora. That thereafter an information was filed with the Police Court charging the defendant with the crime in question and that on the morning of the same day the said defendant was brought before the Police Justice of the village at which time the following occurred:
“ January 12, 1957 Information and deposition subscribed and sworn to by Charles F. Smith that defendant has committed the crime of driving while intoxicated, violation of Section 70, Subdivision 5 of the Vehicle and Traffic Law of the State of New York.
“ January 12,1957 Defendant arraigned, instructed pursuant to Section 335-A, Code of Criminal Procedure, and informed of all rights including right to counsel. Defendant pleaded guilty, and a fine of $25.00 imposed. ’ ’
The question involved in this appeal is whether the return indicates that the defendant’s rights have been violated regardless of his plea of guilty entered under the circumstances hereinabove recited.
It is an elementary principle of law that a person charged with a crime is entitled to the full protection of his legal rights,
*1025 The applicable statute is section 699 of the Code of Criminal Procedure:
“ 699. Magistrate to inform defendant of right to counsel; charge to be read to defendant, and he required to plead.
“ 1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
“ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.
“ 3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.”
This section was construed by the Court of Appeals (People v. Marincic, 2 N. Y. 2d 181). Judge Desmond in his opinion at page 184 made this pertinent statement of the law: “ The statute necessarily means, to be effective at all, that the court must make it clear to a defendant (especially one of tender years) that her right is not only to have counsel if she so wishes but also to have all further proceedings postponed until she shall have consulted with counsel and taken his advice, etc. Telling a defendant, probably ignorant of court procedures, that she is entitled to counsel, trial by jury, adjournment, bail, etc., and then immediately, without waiting for any reply from the defendant, asking her how she pleads and taking her guilty plea is not a compliance with either the spirit or the language of that section. (People v. Palmer, 296 N. Y. 324, 326).”
On the same page the court observed: “ that a defendant is entitled not only to be informed of his right to counsel but to be given a real opportunity to get counsel and to take his advice and aid.” (Italics supplied.)
The court at page 185 further stated: “ that at every arraignment, whether on indictment or information, the defendant must be told of his right to counsel and of his right to an adjournment for the purpose of getting counsel and must be given a reason *1026 able opportunity to ask for counsel and ask for such adjournment, all this before being forced to plead. That opportunity was not given to these defendants.” (Italics supplied.)
It will he noted that the return by which this court is bound does not show that the Police Justice allowed the defendant a reasonable time to send for counsel or an adjournment of the proceedings for that purpose, and, further, does not indicate that the defendant discussed these rights with him from which it can be assumed that he voluntarily waived them. This court is therefore of the opinion that the mere recital by the Police Justice to the defendant of his rights to counsel, especially considering the charge placed against him and the time of bis arraignment as herein recited is not a sufficient compliance with the code because the defendant was not “ given a real opportunity to get counsel and take his advice and aid.” (People v. Marincic, supra.)
It may be contended that a plea of guilty after full advice as to rights can constitute a waiver of the right to counsel and an adjournment of the proceedings. However, the return of the Police Justice does not disclose a waiver, nor does it show that the defendant had sufficiently recovered from his allegedly intoxicated condition to so waive with understanding, competence and intelligence acting on competent evidence present before the court as required by law. (See Matter of Bojinoff v. People, 299 N. Y. 145; Rice v. Olson, 324 U. S. 786; Hawk v. Olson, 326 U. S. 271.)
This opinion is not to he construed to mean that a defendant cannot waive his rights to counsel and to adjournment and plead guilty or not guilty to the charge contained in the information on his initial or subsequent appearance in court without counsel, but the lower courts should be certain that the defendant or accused has waived his rights by strictly following the requirements of a statutory waiver as pointed out in the opinion of Matter of Bojinoff v. People and other citations (supra), and the Magistrate’s return or records should so indicate.
For the reasons herein stated this court is constrained to reverse the judgment of conviction and grant the defendant a new trial.
Let an order be prepared accordingly.