Desmond, J..
(dissenting). This court has long since committed itself to the proposition that a confession if in fact voluntary may be admissible in evidence even though taken *265 from a prisoner during an illegal detention (Balbo v. People, 80 N. Y. 484, 499) and even when taken in disregard of the statutory requirement of prompt arraignment before a magistrate (Code Crim. Pro., § 165; Penal Law, § 1844; People v. Mummiani, 258 N. Y. 394, 396, 411—412). But now we go much further. Now we accept as evidence a confession extracted during the very course of judicial proceedings, after indictment and surrender on a bench warrant, when the time for investigation has passed and when the prisoner, no longer a suspect but now a defendant held under court process awaiting trial, has retained counsel who has warned him not to give evidence to the public authorities. A citizen, learning that he has been indicted and that a bench warrant is outstanding against him, consults an attorney. The attorney, conforming strictly to his professional duty, instructs his client forthwith to surrender, arranges for surrender to the representatives of the District Attorney’s office at a police station. The lawyer accompanies his client to the place of surrender, warns him not to make any statement, then leaves his client in the custody of the officers, justifiably confident that the client’s rights are safely under the protection of the court and of its mandate. The prosecutor, in his brief on this appeal, reminds us that “ Spano’s attorney could have waited until 10:00 a.m. the next morning and surrender his client to the County Court ”. Of course he could, but, as we shall show, defendant’s rights and immunities would be no different, since whether at 7:00 p.m. or 10:00 a.m., the surrender was to the court in obedience to its process.
The bench warrant, pursuant to section 301 of the Code of Criminal Procedure, directed the peace officers to arrest defendant “ and bring him before the court to answer the indictment ”. No policeman or prosecutor had any right to change or disregard that direction. Defendant was in the custody of the court for the sole purpose of pleading to the indictment and awaiting trial in due course. All this was deliberately ignored by the police and prosecutor. Defendant, as soon as his lawyer was safely out of the way, was taken to the District Attorney’s office, there questioned until midnight, then removed to a police station where after more questioning he finally made, at 3:30 o’clock in the morning, the confession we are considering. A more grievous and offensive disregard of a court’s *266 mandates and a citizen’s rights can hardly be imagined. Our duty is not to condone it but to condemn it and to lay down a rule that will prevent its recurrence.
Usually, of course, the test for admissibility of a confession is voluntariness (Code Grim. Pro., § 395) and usually voluntariness is a question of fact for a jury (People v. Valletutti, 297 N. Y. 226, 231). But in one of the senses in which the courts use the word ‘1 voluntary ’ ’, a confession or incriminating testimony taken from a defendant without warning of his rights during the progress of the criminal cause against him is not “ voluntary ” (People v. McMahon, 15 N. Y. 384, 388 et seq.) People v. Mondon, 103 N. Y. 211, 217 et seq.). Since in such a case the fact is undisputed, the question is not one for the jury but a constitutional question of due process on undisputed fact (Gallegos v. Nebraska, 342 U. S. 55, 62). Some violations of right are too fundamental to be excused by a jury of laymen. Directly and frankly violated here were two such rights: the right to have the advice of a lawyer at every stage of a court proceeding, and the right not to be forced to testify against oneself during such a proceeding.
Our statutes and decisions (Code Grim. Pro., §§ 308, 699; People v. McLaughlin, 291 N. Y. 480; People v. Marincic, 2 N Y 2d 181) endlessly state and repeat the guarantee of every defendant’s right to have the effective services of counsel at every stage of every criminal cause. But what use are these to a prisoner who, held awaiting trial, is questioned in the absence of his counsel, and contrary to counsel’s express directions, until he confesses? Before a magistrate or a coroner or other judicial officer a defendant may under no circumstances be forced to make admissions of his guilt (see People v. McMahon, 15 N. Y. 384, supra; People v. Mondon, 103 N. Y. 211, supra). Yet the same defendant in the same criminal cause held under the process of the same court, can (it is now decided) be subjected to secret midnight questioning out of reach of any lawyer, till he confesses. Despite the People v. Defore rule (242 N. Y. 13) this is a violation of the right against self-incrimination since the defendant is compelled in the course of a criminal prosecution to incriminate himself by his own utterances (People ex rel. Kenny v. Adams, 292 N. Y. 65, 70 et seq.). Surely this is the use by the State of another method of obtain *267 ing evidence which “ shocks the conscience ”, offends accepted “ canons of decency and fairness ” and so invades the due process clause of the Fourteenth Amendment (Malinski v. New York, 324 U. S. 401, 412-418; Rochin v. California, 342 U. S. 165, 171, 172).
We find no New York decisions condemning the practice employed here, probably because it is (let us be grateful) infrequent. But the reasoning, though not the result, of People v. Perez (300 N. Y. 208, 217, 218) requires a new trial here. Perez was held not as a defendant but, by court order, jailed as a material witness. He claimed on the trial that his protracted questioning in jail over a period of several days, plus refusal to let him see a lawyer, violated his rights and made his confession inadmissible. This court, rejecting the contentions, pointed out that he was in jail not as a defendant awaiting trial but as a witness who had stated to the police that he could help them find the culprit. As to consulting counsel, the record showed that Perez never asked his visiting relatives or the assistant district attorney to get him a lawyer. It is strongly suggested in the Perez opinion (see 300 N. Y. 219) that were Perez actually a defendant the decision would have been different.
Even in Lanza v. New York State Joint Legis. Comm. (3 N Y 2d 92, cert. denied 355 U. S. 856), while we refused to ban disclosure by the committee of the eavesdropped talk in the jail between Lanza and his lawyer, we flatly held that “ if such interference had occurred in connection with a proceeding directed against Lanza, any resulting determination would be annulled by the courts on the ground that the interference with his right to counsel had destroyed his constitutional right to a fair trial ” (3 N Y 2d 98, citing Matter of Fusco v. Moses, 304 N. Y. 424, and other cases). We said in Lansa that “ where in the course of a criminal trial the defendant’s right to confer privately with his counsel has been violated, the trial is vitiated ” (3 N Y 2d 98). Why should not the same good rule be applied here? '
This defendant may be a hoodlum and a killer but it is such wretches who most need the constitutional guarantees. And, if such a man be deprived of his basic rights under the law, what man is safe?
*268 The judgment should be reversed and a new trial ordered.
Chief Judge Conway and Judges Dye and Froessel concur with Judge Burke ; Judge Desmond dissents in an opinion in which Judges Fuld and Van Voorhis concur.
Judgment of conviction affirmed.