Donald H. Mead, J.
Separate appeals have been brought to this court by each of the above-named defendants-appellants from convictions upon their respective pleas of guilty before Darwin N. Camp, Justice of the Peace, sitting as Magistrate of a Court of Special Sessions in the Town of Onondaga, County of Onondaga, State of New York on July 5, 1959.
The appellants William Johnson, James A. Dugan, Ceroid Szewczyk and Paul Ciciarelli were severally convicted of the offense of disorderly conduct (violation of Penal Law, art. 70, *268 § 722, subd. 3) while the appellant Michael Dirk Jenkins was convicted of assault in the third degree (Penal Law, § 244, subd. 1), a misdemeanor.
The charges against the appellants all arose out of an alleged threatened disturbance in the late evening of July 4, 1959 by a group of youths who had congregated at or in the vicinity of the site where a field day was being conducted by the Nedrow Volunteer Firemen at Nedrow, in the Town and County of Onondaga.
Since each of the appeals was argued and heard at the same time and since the affidavits of error are substantially the same and the returns and supplemental return filed by the Magistrate are identical in each case, all of the appeals will be treated in this decision.
The appellants contend that they were taken before the Magistrate at some time after midnight and that at approximately 2:00 a.m. on the morning of July 5, 1959 upon their arraignment before the Magistrate all of the appellants entered pleas of guilty and the appellants, Johnson, D!ugan, Szewczyk and Ciciarelli, charged with disorderly conduct, were each sentenced to 30 days’ imprisonment in the Onondaga County Penitentiary while the appellant Jenkins, charged with assault in the third degree, was sentenced to 60 days’ imprisonment in the Onondaga County Penitentiary.
The appellants base their respective appeals on several grounds as set forth in their affidavits of errors — that the arraignment was improper and illegal in that they were not properly informed and advised by the Magistrate of their rights to be represented by counsel upon the arraignment and at all stages of the proceedings and before any further proceedings were had; that they were not advised of their rights to an adjournment in order to obtain counsel; that they were not properly and adequately advised of the charges filed against them and that they were induced by the arresting New York State Police officers present at the arraignment to plead guilty to the charges upon the representation that they would receive small fines and be permitted to return to their homes. All of the appeals are brought on the further ground that the sentences imposed by the Magistrate were, under all of the circumstances, unwarranted, unjust and excessive.
Section 749 of the Code of Criminal Procedure provides that “ A judgment upon conviction rendered by a court of special sessions * * * may be reviewed by the county court of the county, upon an appeal as prescribed by this title * * * and not otherwise.”
*269 Section 751 of the code provides that the defendant must present an affidavit showing, among other things, the alleged errors in the proceedings of conviction or commitment complained of.
Sections 757 and 758 of the code provide for compelling such return to be made by the Justice and ordering and compelling a further or amended return.
Section 763 of the code provides that “ The appeal must be heard upon the original return ”,
The original returns filed by the Magistrate, which were identical in each of the cases, are hereinafter set forth:
Justice Court, County of Onondaga, Town of Onondaga In Special Sessions
The People of the State of New York vs. James A. Dugan, Defendant
To the County Court of the County of Onondaga :
Pursuant to the affidavit and notice of appeal filed with me by John T. Deegan, Esq., one of the attorneys for the defendant above named, on July 7, 1959, and hereto annexed, the undersigned Justice of the Peace hereby makes the following return of the matters therein set forth:
Attached hereto is the information, deposition of New York State Trooper F. M. West, and a copy of the certificate of conviction therein.
Please note my entry on the original information that this defendant plead guilty to the charge contained in the information after being advised by me of his constitutional right to obtain legal counsel..
After the plea of guilty was received I sentenced this defendant to 30 days imprisonment in the Onondaga County Penitentiary. At the time this defendant appeared before me I was under the impression that he was a member of an organized gang because of the shirt he wore. I now am advised that the defendant was a member of the athletic team called the Raccoons.
All of which is respectfully submitted.
Dated at the Town of Onondaga, N. Y. this 7th day of July, 1959.
(S.) Darwin N. Camp Justice of the Peace
Not being satisfied with the original returns as filed by the Magistrate, the court, on July 13, 1959 directed the Magistrate to file supplemental returns on certain issues raised in the affidavits of errors filed by the respective appellants as to the following:
(1) that the defendants were not properly advised as to the nature of the charges,
(2) that the defendants were not properly advised as to their rights to be represented by legal counsel upon the arraignments and at all stages of the proceedings and to their rights to *270 adjournment to obtain legal counsel before any further proceedings were had,
(3) allegations contained in the affidavits of errors to the effect that defendants were not permitted to call or get in touch with their parents or attorneys.
The court further directed the Magistrate to furnish the court with any facts or information within his knowledge as to the claims of the appellants that they were advised by State Police officers that they would receive a small fine if they plead guilty, whereas if they plead not guilty and were found guilty after trial they would probably receive fines up to $500 with possible jail sentences, as well as any facts or information within the knowledge of the Magistrate as to the allegations in the affidavits of errors to the effect that after taking pleas of guilty, the Magistrate conferred with the State Police officers outside the presence of defendants before imposing sentences.
In ordering the supplemental returns, the court directed the Magistrate to report to this court exactly what was said and what transpired at the time of the arraignments and the taking of pleas and not just a conclusion that defendants were advised of the charges and of their constitutional rights to obtain legal counsel.
Thereafter, and in response to the court’s request for a supplemental or amended return, the following amended return was submitted by the Magistrate:
7010 South Salina Street Nedrow, New York July 20, 1959
The Honorable Donald H. Mead, Judge Onondaga County Court Syracuse, New York
In re: Appeals of Michael Dirk Jenkins, James A. Dugan, Paul Cieiarelli, Ceroid Szewczyk, William Johnson
Dear Judge Mead:
In reply to your request for answers to five questions in a supplemental return on appeals made by the above appellants, I submit the following:
1) The defendants were properly advised of the nature of the charges, based upon written information given by the State Troopers. The charges were read to each defendant.
2) The defendants were each properly advised as to their rights to be represented by counsel. Each defendant was asked whether or not he wished to be represented by counsel.
3) The defendants were not denied the right to call their parents or attorneys. There is a telephone on my desk which these boys could have asked permission to use.
4) I have no knowledge of any information given the defendants by State Police Officers.
*271 5) I do not confer with police officers before imposing sentences.
You have asked me to tell you exactly what was said and what transpired at the time of arraignment and the taking of pleas. Justices of the Peace do not have court stenographers to record verbatum questions and answers.
The following is the procedure which I used with each of the above defendants:
1) The sworn information is read to each defendant.
2) Each defendant is asked whether or not he wishes to obtain counsel.
3) Each defendant is asked how he wishes to plead.
4) Each defendant is sentenced as provided by the statutes and according to the judgment of the Justice.
With kind personal regards, I am
Sincerely yours,
(s) Darwin N". Camp Justice of the Peace Town of Onondaga
Section 699 of the Code of Criminal Procedure, which is the applicable statute on arraignment of defendants before Magistrates, provides as follows:
‘ ‘ Magistrate to inform defendant of right to counsel; charge to be read to defendant, and he required to plead.
“1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
‘ ‘ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town, or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.
“ 3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.”
The Court of Appeals, in a recent case (People v. Marincic, 2 N Y 2d 181) reversed a petit larceny conviction of two defendants, each 16 years of age, under somewhat similar circumstances. The court, in outlining the procedure to be followed by Magistrates in arraigning defendants under section 699 of the code stated at pages 183-184, as follows: ‘ ‘ Thus, each of these defendants, when brought before the City Court Judge, had to be informed of the charge against her and of her right *272 to the aid of counsel at every stage of the proceedings and had to he allowed a reasonable time to send for counsel and an adjournment for that purpose, and the court was required to send for counsel if defendant should so request. The statute necessarily means," to be effective at all, that the court must make it clear to a defendant (especially one of tender years) that her right is not only to have counsel if she so wishes hut also to have all further proceedings postponed until she shall have consulted with counsel and taken his advice, etc. Telling a defendant, probably ignorant of court procedures, that she is entitled to counsel, trial by jury, adjournment, bail, etc., and then immediately, without waiting for any reply from the defendant, asking her how she pleads and taking her guilty plea is not a compliance with either the spirit or the language of that section (People v. Palmer, 296 N. Y. 324, 326). In the Palmer opinion (p. 326) after describing defendant’s first appearance in court when he had been told of his right to counsel and to an adjournment and had first said that he understood the charge and then had said that he did not know which way to plead, we said this: ‘ If defendant at that point had pleaded guilty, there would, probably, have been a violation of the second subdivision of section 699 of the Code of Criminal Procedure, which requires a magistrate to “ allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. ’ ’ ’ That was obiter dictum but it was a statement by this court (the dissent was not as to that statement) that a colloquy such as was had between the City Judge and the two defendants in the present case does not meet the requirement of section 699 (supra) that the court must allow defendant time to send for counsel and must if necessary adjourn the proceedings for that purpose. In both Palmer opinions there is cited People v. McLaughlin (291 N. Y. 480) holding that a defendant is entitled not only to be informed of his right to counsel hut to he given a real opportunity to get counsel and to take his advice and aid.” (Emphasis supplied.)
While it is true, as pointed out by the Magistrate, no stenographer was present and no verbatim record of the proceedings was taken, nevertheless, in the absence of an official stenographer the Justice was charged with the duty to keep proper minutes of the proceedings. Be that as it may, an examination of the original returns and the supplemental return filed by the Magistrate in each of the cases fails to disclose that the defendants were properly advised of their rights under section 699 of the code and of their rights to an adjournment to obtain counsel before any further proceedings were had. (People v. Marincic, *273 supra; People v. Palmer, 296 N. Y. 324; People v. McLaughlin, 291 N. Y. 480.)
The judgments should be reversed on the law and the facts and a new trial ordered as to each defendant.
Submit order accordingly.