Desmond, Oh. J.
(dissenting). The question as to the availability of coram nobis relief because defense counsel lacked skill or judgment may be an interesting one but it is quite irrelevant here. Defendant’s petition, dismissed without a hearing, makes charges much more serious than that. He swears that, when only 16 years old, and appearing for arraignment on a felony charge, he got no more by way of legal advice and representation than a 10-minute conversation with an attorney who was assigned because he happened to be in the courtroom and who never investigated the case but advised defendant to plead guilty. That could not be “ effective representation of competent counsel.” Yet, by affirming here we hold as matter of law that this was the “ private interview with counsel ” and “ effective and substantial aid ’ ’ by counsel, to which every defendant is constitutionally entitled.
We said in People v. Marincic (2 N Y 2d 181, 184 [a petty larceny case]) that “ the court must make it clear to a defendant (especially one of tender years) that her right is not only to have counsel if she so wishes but also to have all further proceedings postponed until she shall have consulted with counsel and taken his advice, etc.” In People v. Cooper (307 N. Y. 253, 259) and Lanza v. New York State Joint Legis. Comm. (3 N Y 2d 92, 98) we said that a defendant’s rights include that of private consultation with a lawyer. In People v. McLaughlin (291 N. Y. 480, 483) we announced that “ no last-minute, peremptory assignment of counsel will serve, especially when made at such a time and under such circumstances as practically to preclude the giving by counsel to prisoner and prisoner to counsel, of effective aid in the preparation of the case.” All these holdings (and others, see Powell v. Alabama, 287 U. S. 45, 53; Spano v. New York, 360 U. S. 315, 326) say that a defendant is entitled to “ effective ” and “ substantial ” aid of counsel, not a mere simulacrum or pretense, not just going through the motions.
Let us agree (for argument’s sake only) that the sole basis for setting aside such a conviction is neglect of duty on the part of the court, not the defaults or derelictions of assigned counsel. The primary duty of furnishing legal advice is certainly on the court and not on some attorney who happens to be in the courtroom. But, taking defendant’s petition as true, the *358 neglect in this case was by court as well as by counsel since it was the court which made the last-minute assignment and permitted a guilty plea to be entered for this youth after a hurried, off-hand chat with a lawyer. The statute (Code Crim. Pro., § 308) says that “ the court must assign counsel ” and the duty is. nondelegable. It cannot be satisfied by ineffective, purely formal assignments and it cannot be transferred by the court to the lawyers although the lawyers have their own responsibilities when they accept such assignments.
In People v. Richetti (302 N. Y. 290, followed in People v. Langan, 303 N. Y. 474, and many other decisions) it is stated that a defendant has a constitutional due-process right to a hearing if Ms coram nobis petition makes allegations which are not disproven by indisputable documentary proof and which, if true, would entitle him to relief. Therefore, by affirming a dismissal of this petition without trial we hold that the constitutional mandate as to aid of counsel was as matter of law not violated by this casual assignment and 10-minute representation. I cannot reconcile this with the basic traditions and concepts of our constitutional law. We seem to back and fill in these matters (see, for instance, People v. Hannigan, 7 N Y 2d 317). We hesitate to apply our own ancient, fundamental and solemnly announced rules. Seventy-five years ago (People ex rel. Burgess v. Risley, 66 How. Prac. 67, 68-69) a New York court declared that: “To give life and effect, therefore, to the provision of the constitution under consideration, it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right ’ ’ and that these privileges are “ demanded by every consideration of humanity ”. Since I am unwilling to retreat from that position, I vote to reverse.
The order should be reversed and the proceeding remitted for a hearing.
Judges Dye, Froessel, Van Voorhis and Burke concur with Judge Fuld; Chief Judge Desmond dissents in a separate opinion.
Order affirmed.