## (May 12, 1960)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD McGUINNESS, Appellant.

APPEAL from two orders of the Oneida County Court entered July 15, 1958 and December 22, 1958, which denied defendant's motion for writ of error *coram nobis*.

Orders affirmed. Memorandum by the court. The principal ground upon which the *coram nobis* application was based was the claim that the defendant had not been advised of his right to counsel before he pleaded guilty. In view of the statement in the official record that the defendant had waived counsel, it is doubtful whether any hearing was required. Nevertheless, a full hearing was held at which the defendant was represented by counsel assigned by the court. There is no showing that if more time had been allowed for preparation, any additional material proof would have been offered by the defendant.

WILLIAMS, P. J. (dissenting). The question involved in this appeal is whether the defendant was adequately permitted his constitutional right to counsel.

On or about April 9, 1958, defendant-appellant applied to the Oneida County Court for writ of error *coram nobis*. By written memorandum dated June 26, 1958, a hearing was properly ordered, but the order was not signed until July 3, 1958. Just when it was served on the defendant does not appear in the record.

The hearing was directed for the 15th of July, 1958. At that time the court asked the defendant if he had a lawyer, and defendant said that his sister had called a lawyer who was out of town and that she had been unable to locate him. Defendant also said that he had tried to call this lawyer the preceding night and he was not available. When defendant was asked if he was going to obtain another lawyer, he said he did not know, that he had not had a chance to contact anyone and he did not know his own financial status at the time. The Trial Judge stated that he would assign a lawyer to represent and defend him if the defendant wanted one. The defendant asked if it would be possible to wait a day and the court answered, " No, it isn't possible for you to wait a day. Today is the day, right now." The defendant then said he would have to have a lawyer, that he could not handle the matter himself and again the court asked if he wanted a lawyer assigned to him, and defendant said he did. An attorney was then assigned. The record shows that after the assigned attorney had conferred with defendant, the attorney said that the defendant had requested that he state to the court that he was willing to withdraw his application in *coram nobis* if the court would allow him to withdraw his plea of guilty as of the date of the original indictment and to re-enter a plea of guilty with the attorney representing him. The court refused this request. The defendant then said that in order to substantiate his claim, he would have to have a witness to judge his mentality at the time of arraignment and he would need certain records from Elmira. He observed that it would save the court's time and the necessity of calling witnesses if section 480 of

the Code of Criminal Procedure would be complied with in the usual manner. Said section requires the clerk to inquire of a defendant whether he has any legal cause to show why judgment should not be pronounced before he is sentenced.

The court then said: "You are brought here for the purpose of having this Court comply with Section 480, which I will do. You asked for a hearing and made certain allegations. There is the witness stand. If you want to get on that stand or produce anybody to substantiate your claim, you have a right to do it. You have had several days to decide what you want to do today."

This left the defendant no choice but to proceed, and he took the stand and his case was presented.

It is claimed by defendant that after the assigned attorney had conferred with the defendant, the attorney asked the court for a brief adjournment in order to prepare himself adequately for the hearing and this request was denied. This is not shown in the stenographer's minutes of the hearing. However, this statement in the defendant's brief is not challenged or contradicted by the respondent.

We shall not address ourselves to the merits of the matter because whether or not defendant's contentions were meritorious, he was entitled to be represented by counsel, and this is so upon the trial of disputed questions of fact in a *coram nobis* proceeding as well as on the trial of an original criminal prosecution (*People* v. *St. John*, 281 App. Div. 1061).

Nor are we concerned with the fact that defendant *may have* waived his right to counsel upon the original proceeding when he pleaded guilty. In the present proceeding the Trial Judge recognized that he was entitled to be represented and actually assigned counsel. The refusal of the Trial Judge to grant a short adjournment to permit defendant to procure an attorney of his own choice was, in effect, a denial of the appellant's right to counsel of his own selection, and after the court had assigned counsel, the failure to grant counsel's request for a reasonable adjournment to permit him to familiarize himself with, and prepare for the trial of, the proceeding, was tantamount to a destruction of the right even though there had been a formal assignment.

*People* v. *McLaughlin* (291 N. Y. 480) presents a factual situation very much like the present case. At page 483, the court said: "This fundamental right [the right to confer with counsel prior to trial] is denied to a defendant unless he gets reasonable time and a fair opportunity to secure counsel of his own choice and, with that counsel's assistance, to prepare for trial; no last-minute, peremptory assignment of counsel will serve, particularly when made at such a time and under such circumstances as practically to preclude the giving by counsel to prisoner and prisoner to counsel, of effective aid in the preparation of the case. (U. S. Const., 6th Amdt.; State Const. art. 1, § 6; *Powell* v. *Alabama*, 287 U. S. 45; *Johnson* v. *Zerbst*, 304 U. S. 458; Code Crim. Pro., §§ 8, 188, 308; *People ex rel. Moore* v. *Hunt*, 258 App. Div. 24.) Not only must this primary right be protected, but there must be made a record of all proceedings that have a bearing thereon, so that intelligent review may be had. The record before us does not show adequate protection of this defendant's rights, and so his conviction cannot stand. In such a situation the absence of exceptions is no bar to a reversal, (*People* v. *Bradner*, 107 N. Y. 1; *People* v. *Miles*, 289 N. Y. 360, 363)."

In *People* v. *Snyder* (297 N. Y. 81) one of the reasons for a reversal was that counsel had not been given a reasonable time within which to prepare adequately for trial. The court said at page 90: "We think that the right of Kennedy to a fair trial was not properly protected. His right to protection

by court and prosecuting authorities so that he might have the assistance of adequately prepared counsel for his defense was a fundamental one. We think that the denial of a request for an adjournment under the circumstances here presented was an abuse of discretion as a matter of law. (*People* v. *McLaughlin,* 291 N. Y. 480; *Glasser* v. *United States,* 315 U. S. 60, 71, *supra*; N. Y. Const., art. I, § 6; *Powell* v. *Alabama,* 287 U. S. 45.) "

(See, also, *People* v. *Koch,* 299 N. Y. 378; *People* v. *Banner,* 5 N Y 2d 109.) We would reverse and direct a new hearing.

All concur, except Williams, P. J., and Henry, J., who dissent and vote for reversal and for a new hearing, in an opinion by Williams, P. J., in which Henry, J., concurs. Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

Orders affirmed.