Hymah Barshay, J.
This is an application in the nature of a writ of error coram nolis to vacate and set aside a judgment of conviction for robbery in the first degree dated April 7, 1957, *792 which resentencecl the defendant nunc pro tunc, as of November 12, 1928, to a term of 15 to 25 years in State prison. Prior to the instant application, the defendant has made 11 unsuccessful attempts to vacate the aforesaid judgment of conviction. His petition presents several grounds for the relief sought only one of which has merit and is urged for the first time. On consent of the District Attorney, a hearing was held at which the defendant testified that upon his arraignment on May 11, 1928, he was not represented by counsel; a plea of not guilty was interposed on his behalf and he was remanded to the Raymond Street Jail to await trial; that 15 days later, he was transferred to the New York City Penitentiary Hospital on Welfare Island where he remained as a patient and prisoner until October 14, 1928; he was without counsel during that period; on October 17, 1928 he appeared for trial at the County Court; upon the call of the calendar, the Clerk of the court advised the court that he was without counsel, whereupon the Presiding Judge inquired whether there was a lawyer present in the courtroom; an attorney by the name of Jacob Nathanson responded and was assigned by the court to represent him (the petitioner) over his protest; he wanted an opportunity to prepare his defense and it was not given him; the court directed the trial to proceed over the objection of his assigned counsel; witnesses on his behalf were not called; the jury rendered a verdict of guilty of robbery in the first degree; he was sentenced as aforesaid; there was no appeal from the judgment of conviction.
His assigned counsel, Jacob P. Nathanson, testified that on October 17, 1928 he was present in court attending to matters of his own; on the call of the defendant’s case, the defendant appeared without counsel and the court thereupon assigned him to represent the defendant; he had a brief opportunity to examine the indictment and speak to the defendant; he advised the court that he could not proceed to trial under such circumstances; that he was not prepared. Nevertheless, the court directed him to proceed to trial; it was his opinion then as it is now, that he was not adequately prepared to competently represent the defendant at the trial; he has no recollection of being present on the day of sentence. There are no notations on the indictment as to the presence of counsel for the defendant on sentence day; the stenographer’s minutes are not available.
The District Attorney offered no proof to rebut the testimony of the petitioner and his counsel.
Upon the aforesaid evidence, I find that the defendant has sustained the burden of proof imposed upon him and is entitled *793 to the relief sought. “ If a trial was forced upon defendant without adequate opportunity for his counsel to prepare a defense, then coram nobis lies (People v. Koch, 299 N. Y. 378) even though an appeal would lie from the judgment (People v. McLaughlin, 291 N. Y. 480 ; People v. Snyder, 297 N. Y. 81). ” * * Furthermore, this court has condemned ' last-minute, peremptory assignment(s) ’ prior to immediate trial (People v. McLaughlin, supra, p. 483) ” (People v. Silverman, 3 N Y 2d 200, 202). The defendant’s application to vacate and set aside the judgment of conviction dated April 7,1957 is granted.
I direct that the defendant be produced before me for further proceedings on the indictment.