■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY NOCERO, Appellant.— Judgment convicting defendant of robbery in the third degree, on his plea of guilty, and sentence of 7½ to 15 years in State prison, unanimously reversed, on the law and on the facts, the motion to withdraw the plea of guilty granted, the judgment and plea of guilty are vacated and, on the law and in the exercise of discretion, a new trial is ordered. The alleged crime, the indictment, the plea of guilty, and the deferment of sentence because of defendant's psychosis and incapacity to understand the proceedings, occurred in 1949 and early 1950. Following remission in defendant's mental condition and sentence in 1952, defendant appealed, but the appeal was dismissed in 1955 for failure to prosecute. On December 3, 1963, the appeal was reinstated by this court and counsel assigned on defendant's motion, urging as an excuse for the failure to prosecute indigence, lack of minutes of prior proceedings, and lack of counsel. During all this time defendant has, evidently, been incarcerated either in a State mental hospital, State prison, or a local jail. The minutes of the trial proceedings, at which defendant eventually pleaded guilty, establish that he asked for another lawyer to be substituted for the one representing him; that they could not agree; that the court denied his request because defendant's father wanted the attorney to continue; and that the attorney, his father, and his brother wished defendant to plead guilty,

despite his persistent resistance to such urging. After his codefendants pleaded guilty and further urging of defendant by his family and lawyer to plead guilty, the court, mistakenly, advised defendant that if he did not plead guilty to a lesser degree of the crime charged (robbery in the first degree), he would be constrained by law to sentence defendant as a second offender, if found guilty by the jury of the crime charged, to not less than 30 years' imprisonment. After still further conversations with his father, defendant pleaded guilty. The same day defendant pleaded guilty he was sent to Bellevue Hospital for mental observation. The eventual finding was insanity and defendant was committed to Matteawan State Hospital. At the time of sentence in 1952, defendant moved to withdraw his plea of guilty and, after a hearing developing the facts as to defendant's mental condition, the motion was denied. The record demonstrates, and the District Attorney commendably concedes as much, that defendant was deprived of his right to counsel of his own choice; that defendant was mistakenly advised by the court that he faced a greater sentence if convicted by the jury than was the fact (Penal Law, §§ 1941, 2125); and that the undisputed evidence as to defendant's mental condition at the time of plea or immediately thereafter casts the gravest doubt on his capacity to have made a voluntary choice. This adds up, on an unequivocal contemporary record of the events, to the equivalent of fraud, coercion and incapacity, coupled with a deprivation of the right to counsel of defendant's choice, vitiating the conviction (cf. People v. Picciotti, 4 N Y 2d 340, 344; People v. McLaughlin, 291 N. Y. 480). In ordering a new trial it is recognized that defendant has in fact served time these many years, and that the difficulties in the People reassembling the proof may be insurmountable. In accordance with the views of the District Attorney, however, it is accepted that the effect to be given these factors, if any, should be considered by the nisi prius court in the proceedings which will ensue before it. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.