JOSEPH M. KENNEDY, SR., as Administrator of the Estate of JOSEPH M. KENNEDY, JR., Deceased, Respondent, v. JOHN J. MAHONEY, Appellant. MICHAEL P. McDERMOTT, as Administrator of the Estate of KATHLEEN McDERMOTT, Deceased, Respondent, v. JOHN J. MAHONEY, Appellant, et al., Defendants. ELIZABETH J. KENNEDY, as Administratrix of the Estate of MARGARET E. KENNEDY, Deceased, Respondent, v. JOSEPH M. KENNEDY, SR., as Adminis-

trator of the Estate of JOSEPH M. KENNEDY, JR., Deceased, Defendant, and JOHN J. MAHONEY, Appellant.— Intestate, Joseph Martin Kennedy, Jr., owned and operated an automobile, which collided with an automobile owned and operated by defendant Mahoney. Intestates Margaret Elizabeth Kennedy, the sister of Joseph, Jr., and Kathleen McDermott were passengers in the car of Joseph, Jr. The passengers both died at the scene of the accident, and Joseph, Jr., died about five hours thereafter. His administrator sued defendant Mahoney, in Dutchess County, to recover damages for wrongful death and conscious pain and suffering. The administrator of the estate of Kathleen McDermott sued defendant Mahoney and the estate of Kennedy, Jr., in Bronx County, to recover damages for wrongful death. The administratrix of the estate of Margaret Elizabeth Kennedy sued her brother's estate and defendant Mahoney, in Dutchess County, to recover damages for wrongful death and for conscious pain and suffering. Defendant Mahoney sued the estate of Kennedy, Jr., in Ulster County, to recover damages for injuries to his person and property. Orders were made consolidating the McDermott action with the Kennedy, Jr., action and the Mahoney action with that consolidated action. On the trial the cause of action for conscious pain and suffering in the Margaret Elizabeth Kennedy action was withdrawn and the Mahoney action was discontinued. The jury rendered a verdict in favor of each plaintiff against defendant Mahoney and, in the McDermott and Margaret Elizabeth Kennedy actions, in favor of the estate of Kennedy, Jr., against the respective plaintiffs. Defendant Mahoney appeals from the judgments entered on said verdicts and in the Kennedy, Jr., action from "all Orders." The only orders printed in the record on appeal are an order denying a motion to set aside the verdict and for a new trial in the Kennedy, Jr., action and the two orders of consolidation, to both of which defendant Mahoney consented. Judgments and order denying motion to set aside the verdict and for a new trial unanimously affirmed, with costs. No opinion. Appeal from orders of consolidation dismissed, without costs. No appeal lies from orders entered on consent. (*Norton & Siegel* v. *Nolan*, 276 N. Y. 392.) Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ.