■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS MOONEY, Also Known as FRANK GEORGE NORTON, Appellant.— Appeal from a judgment of conviction of the County Court, Madison County, on charges of grand larceny, first degree, two counts, and fraudulently presenting bills or claims to public officers for payment in violation of section 1872 of the Penal Law, eight counts. Appellant claims here that his constitutional right to counsel (N. Y. Const., art. I, § 6; U. S. Const., 6th Amdt.) has been abridged in that he was compelled by the court below to proceed to trial without benefit of counsel. The record clearly reveals that prior to trial appellant was assigned by the court the services of three competent, experienced members of the Bar and on each occasion he discharged these lawyers, the last after the jury had been drawn and as the case was about to proceed to trial. There is no question that appellant has the fundamental right to a reasonable time and fair opportunity to select

counsel of his choice or to the assignment of counsel by the court and a further right to a reasonable time to prepare for trial with that counsel's assistance (e.g., *People* v. *McLaughlin,* 291 N. Y. 480). On the other hand this constitutional guarantee cannot be invoked merely to delay the course of justice (*People* v. *Brabson,* 9 N Y 2d 173, 179 and cases cited therein). A perusal of the instant record clearly indicates that the court below took all steps reasonably compatible with the orderly process of justice to afford appellant the benefit of counsel. Nor do we find anything improper here in the refusal of the court below to grant a further adjournment after the jury had been drawn to allow appellant to secure private counsel to replace the third court-appointed attorney he had discharged. Judgment unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.