■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES HIGGINS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 25, 1963 after a jury trial, convicting him of attempted robbery in the second degree, attempted petit larceny, and assault in the second degree, and imposing sentence upon him as a second felony offender. Judgment affirmed. We find that during trial, the defendant, acting in bad faith, discharged his assigned counsel. Though the request to do so was denied, he repeatedly demanded the right to retain private counsel. Defendant was twice offered the opportunity to proceed with his assigned counsel. Instead, he willfully decided to forego any representation or to assert any defense unless the trial court granted his demand to which, concededly, he was then not entitled. In our opinion, defendant's position was substantively equivalent to an express waiver of counsel, since he adamantly refused to proceed with the assigned counsel to which he was properly limited (see *People* v. *Davis*, 21 A D 2d 681). Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ FILOMENA MAURINO, Respondent, v. ANTONIO MAURINO, Appellant.— In an action for a separation, in which a judgment of separation had been granted to the plaintiff wife on January 23, 1950, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated July 6, 1962, which, *inter alia*, appointed the wife as receiver of a business owned by the defendant. Appeal dismissed, without costs. Plaintiff's motion for sequestration and the appointment of a receiver was granted on consent of the defendant, and no appeal lies from the order entered thereon (*Kennedy* v. *Mahoney*, 281 App. Div. 831). If defendant is aggrieved by the appointment of the plaintiff as receiver, his remedy lies at Special Term by way of an application for substitution of a different receiver. Some of the defendant's contentions in this court relate to his cross motion for modification of the support provisions of the judgment of separation. Such motion was held in abeyance by the order appealed from pending submission by the parties of further proof. The record on appeal contains no subsequent order finally disposing of said cross motion; and, indeed, there is no indication in the papers that it was ever determined. Under the circumstances, in regard to the cross motion, there is nothing before us to review. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.