■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPHUS M. BOSTIC, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Albany County, rendered July 15, 1968, convicting defendant on his plea of guilty of burglary in the third degree. While investigating an apparent burglary at a jewelry store in the City of Albany detective Keefe came upon defendant and noticed a cloth bag near where the latter was standing. Upon inquiry, defendant admitted that all the goods he had taken were in the bag. Indicted for burglary in the third degree and grand larceny in the second degree, appellant, represented by the Public Defender's staff, pleaded not guilty on April 15, 1968. About a month thereafter defendant's counsel, in his presence, indicated they would be ready for trial three days later. Prior to the suppression hearing on July 10, 1968, defendant stated that he had not had sufficient time to consult with counsel and the request was made that the trial be put over until October. However, counsel informed the court he was ready to proceed. Appellant had the right to a reasonable time to prepare for trial with counsel's assistance, but this constitutional guarantee could not be invoked merely to delay the course of justice (*People* v. *Brabson,* 9 N Y 2d 173, 179; *People* v. *Mooney,* 18 A D 2d 1112, cert. den. 375 U. S. 887). His argument of denial of the right to counsel overlooks the facts that he was given additional time to consult with counsel prior to the suppression hearing and that his plea of guilty, with the understanding that the larceny charge be dismissed, was not entered until the day following the hearing after "thorough" discussion with counsel. There was no error in denying the motion to suppress the real evidence, since it is well recognized that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence (*Harris* v. *United States,* 390 U. S. 234, 236; *People* v. *Gallmon,* 19 N Y 2d 389, 394; *People* v. *Merola,* 30 A D 2d 963) and the detective was lawfully on the premises, having been admitted by the store manager. Regarding the claim that his guilty plea was not a fully informed one, if defendant wanted to know the court's ruling on his motion to suppress the oral statement, as to which it had been announced previously that a decision would be handed down early on the day the plea was taken, all he or his counsel had to do was request the decision from the court or await the ruling. The change of plea was initiated by the advice to the court by defendant's counsel that his client desired such a change. Judgment affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.