THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. DE CHIARO and ROBERT G. LUTZ, Appellants.

Third Department, May 8, 1975

*Kohn, Bookstein & Karp (Gerald Alch,* admitted pro hac vice, and *John A. Daly* of counsel), for appellants.

*Donald J. Shanley,* Special Prosecutor, for respondent.

LARKIN, J. The testimony in this case is that the State Police, acting on intelligence that there would be a robbery or burglary at a hotel in Rensselaer County, staked out the premises. On the night of January 27, 1973 defendants, one of whom was armed, appeared at the hotel and entered through a window. They were caught inside the beams of police flashlights and recognized from pictures previously given to the police. Gunfire followed their refusal to heed State Police commands and the defendants escaped, only to be tracked through the deep snow and captured a few hours later.

Defendants were indicted for the crimes of burglary in the first degree and attempted robbery in the first degree.

Shortly after their arrest, defendant Lutz retained attorney E. Stewart Jones, Jr., and defendant DeChiaro retained attorney Thomas J. O'Connor, both of whom represented the defendants from February, 1973 until September, 1974. The conduct of the defense included participation in a preliminary hearing and motions for discovery and inspection, bills of particulars, suppression of identification testimony and suppression of alleged confessions. The attorneys further moved for dismissal of the indictment on the ground of selective prosecution, moved in this court for a change of venue, engaged in plea-bargaining and finally participated in the identification hearing on the eve of trial.

During mid-August, 1974 defense counsel and the special prosecutor were advised by the Trial Judge that this case would be the first one reached at the September, 1974 Trial Term. The identification hearing, which was to be followed by the trial, commenced on September 9, 1974 and at its continuation on the morning of September 10, 1974 defendants discharged their respective counsel and announced their retention of a new firm. The sole reason given by defendant Lutz was an alleged conflict of interest because Mr. Jones had, since March, 1974, served as a special prosecutor in Rensselaer County. Defendant De Chiaro implied a conflict on the part of Mr. O'Connor because of his association with Mr. Jones. A motion for a continuance was denied.

The identification hearing concluded without further representation of the defendants as they would not proceed with

their former attorneys. Upon the new attorney's appearance late the next afternoon the court directed that a notice of appearance be filed and a jury selected the following day, with the trial to commence on the following Monday, several days hence. On the new attorney's refusal to appear under such terms, the court advised the defendants to reconsider and go to trial with the original attorneys. Defendants refused and the court appointed the original attorneys. Both they and the defendants objected to the appointments and ultimately the court advised the defendants that they were now without attorneys. Prior to the commencement of the trial, the defendants elected to proceed without counsel although during the *voir dire* they attempted to change their position. The trial commenced the next morning without defense counsel and the defendants, not participating in the trial, were convicted of the crimes for which they were indicted.

Defendants urge that the denial of their absolute right to counsel of their own choosing mandates reversal. We recognize that a defendant possesses the right to defend in person or by counsel of his own choosing (NY Const., art I, § 6; *People v McIntyre,* 36 NY2d 10; *People v McLaughlin,* 291 NY 480).

A defendant has a right to counsel of his own choosing and, thus, the corollary right to change counsel at any moment from the time of retention of counsel up to and including the course of trial, for good cause. A defendant's right to counsel of his own choosing includes the right to change counsel at any time, without good cause, for any reason, or for no reason, if such change of counsel does not unreasonably interfere with the orderly course of the trial.

The record herein does not support the discharge of the attorneys for good cause. It appears that Mr. Jones, who had been retained by defendant Lutz shortly after his arrest in January, 1973 had appeared at a later date as a special prosecutor for Rensselaer County in an unrelated case and had completed his duties in that capacity some time prior to the date of trial herein. He had, of course, continually represented defendant Lutz from the date of his retention up to the point of discharge as herein related. There is nothing in this record that would indicate prejudice or conflict of interest on the part of Mr. Jones because he was a special prosecutor at an earlier date in an unrelated case. There was no claim that

the defendants were not represented by competent, able counsel. The record speaks otherwise.

The last minute attempt by defendants to obtain other counsel was an effort to unreasonably interfere with the orderly course of the trial. The constitutional guarantees of counsel of defendant's own choosing and a reasonable time to prepare for trial with that counsel's assistance cannot be invoked to delay the course of justice *(People v Brabson,* 9 NY2d 173; *People v McLaughlin, supra; People v Mooney,* 18 AD2d 1112, cert. den. 375 US 887). In the instant case, in requesting a seven-day adjournment as a condition for his appearance, the new counsel stated that being ready for trial is a subjective matter of conscience and that he could not appear until he felt personally ready to proceed. It is patent that a defendant's attorney cannot arbitrarily determine the date of trial, especially, as in this case, with the defendants out on bail, for the control of criminal calendars in this State rests with the judiciary.

The right to counsel does not include the right to delay *(People v Reynolds,* 39 AD2d 812). Under the facts in this case, the court's directions to the new attorney were reasonable. Defendants' decisions to forego any representation or to assert any defense in the trial were equivalent to an express waiver of counsel *(People v Higgins,* 23 AD2d 504). To overturn a verdict solely because the defendants elected to proceed without counsel could result in playing into the hands of experienced and wily defendants who refuse counsel in order to lay the foundation for a mistrial or a later attack on the conviction *(Sanchez v United States,* 311 F2d 327, cert den 373 US 949).

The further contention advanced by defendants is that the trial court erred by refusing to admit, on the issue of bias, evidence of alleged brutality to the defendants by New York State Troopers. Defendants never attempted to offer such evidence. They rely on the fact that when such testimony was discussed in chambers, the Trial Judge expressed doubt as to its admissibility. Suffice to say that this tentative determination never became a subject of a formal ruling and cannot be raised upon appeal. In view of the overwhelming proof of the guilt of the defendants apparent from this record, the convictions should not be overturned *(People v Brosnan,* 32 NY2d 254; CPL 470.05).

The judgments should be affirmed.

HERLIHY, P. J., GREENBLOTT, MAIN and REYNOLDS, JJ., concur.

Judgments affirmed.