■ The People of the State of New York, Respondent, v Robert Jordan, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 6, 1974, upon a verdict convicting defendant of the crimes of assault in the second degree and possession of weapons and dangerous instruments and appliances. On April 29, 1974, one Charles Minick was assaulted with a kitchen knife while sitting in front of a building which he owned in the City of Albany. Within an hour after the incident, defendant was apprehended at his home by the Albany Police, and he gave them a statement admitting that he had perpetrated the attack. At his subsequent trial, he sat mute and refused to participate in any way or to accept the assistance of Deputy Public Defender Bertrand F. Gould who had been appointed to represent him, and he was thereupon convicted as noted above. On this appeal, defendant contends solely that he was denied his right to counsel as guaranteed by the Sixth Amendment to the Federal Constitution because of the trial court's refusal to appoint for him a new assigned counsel upon his becoming dissatisfied with Mr. Gould's conduct of his case. We find this contention to be totally without merit. According to defendant, he could not establish an effective attorney-client relationship with his assigned counsel because Mr. Gould would not seek an acquittal in

this case on a theory of self-defense. However, nothing in the record indicates that such a defense was viable or that the Public Defender's office was not providing defendant with capable and competent representation. In his brief, defendant alleges that he committed the assault in question only after he "was verbally abused and racially slandered by Charles Minick", but such circumstances certainly would not excuse the resultant knife attack. Consequently, it is obvious that defendant's dissatisfaction with his assigned counsel was without just cause and that the trial court was justified in refusing to appoint a new attorney. The well-settled law is that the selection of assigned counsel is a matter solely within the province of the court (*People v Brabson,* 9 NY2d 173, cert den 369 US 879; *People v Yates,* 45 AD2d 778) and where, as here, a defendant willfully refuses to accept said counsel and, instead, chooses to forego any representation or the assertion of any defense, he waives his right to counsel and is not thereby denied a fair trial (*People v Higgins,* 23 AD2d 504, affd 16 NY2d 751; *People v Davis,* 21 AD2d 681). Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.