■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. WELCH, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 8, 1975, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant seeks a reversal of his conviction on assertions that the trial court (1) erred in refusing to grant a 24-hour adjournment to prepare for trial; (2) improperly interjected itself in the conduct of the trial; (3) wrongfully permitted certain hearsay to be admitted as evidence against him; and (4) effectively coerced the jury to render a verdict by its instructions to them when they returned to indicate they were having difficulty in arriving at a decision. We reject all of these contentions. Defendant was represented by the Public Defender at the time of his arraignment before the County Court on October 14, 1975, and he remained free on bail while various preliminary proceedings, including plea negotiations, were conducted on his behalf. Counsel was formally retained by the defendant on November 24, 1975, the very day scheduled for trial, and he asked for an adjournment of one day solely to enable him to make certain motions and to visit the scene of the alleged crime. Although this request for such a short continuance seems reasonable on its face and no persuasive countervailing reasons were advanced by the trial court for denying it, the issue remains whether its refusal was an abuse of discretion. A *Sandoval* hearing was immediately conducted which produced a result favorable to the defendant and a recess was then granted allowing counsel

an opportunity to view the premises in question. No further motions or requests preceded the selection of a jury. Furthermore, the record reveals that retained counsel, an able and experienced attorney, was not unfamiliar with the circumstances of the case as he had spoken with the defendant shortly after his arrest on September 18, 1975. Under all of these additional circumstances we are unable to say that the trial court abused its discretion in failing to grant the limited adjournment that was requested or prejudiced the defendant in any way *(People v Reynolds,* 39 AD2d 812; *People v Vincent,* 34 AD2d 705, affd 27 NY2d 964; *People v Mooney,* 18 AD2d 1112); nor was any prejudice claimed or shown. Defendant's remaining arguments may be summarily resolved. The questioning of witnesses by the trial court was limited and did not transcend proper bounds *(People v Hinton,* 31 NY2d 71, 76). Although the question put to the witness Parker called for him to relate a conversation with the police, it is not clear that the substance of his answer was being offered as proof of facts contained therein. In any event, no motion was made to strike his reply and no protest was registered to the further conversations that were elicited which, if not technically hearsay, were irrelevant or immaterial. Any conceivable error in this regard was minor in light of Parker's earlier testimony and the evidence as a whole and did not deprive the defendant of a fair trial *(People v Crimmins,* 38 NY2d 407). Lastly, the court merely reiterated a portion of its main charge to the jury when they reported some difficulty in reaching a verdict and on neither occasion did the defendant voice any exception to the language employed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.