■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW GULLEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered October 16, 1979, convicting him of two counts of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On the facts of this case, the trial court abused its discretion in refusing to grant defendant's application for a change in his appointed counsel. (See, generally, *People v Medina,* 44 NY2d 199; *People v Sawyer,* 57 NY2d 12.) In refusing to grant the application, the trial court noted defendant's present attorney was his third appointed counsel. The record indicates, however, that none of the prior changes in counsel was caused by the defendant. (Cf. *People v Mooney,* 18 AD2d 1112, cert den 375 US 887.) The court therefore should not

have considered the number of attorneys involved as the determinative factor in denying the defendant's application for new counsel. Furthermore, when the defendant informed the court that his appointed counsel had not prepared for the trial and had communicated that fact to the defendant, it was incumbent upon the court to ask counsel about these complaints. (See *People v Medina, supra,* p 207; *People v Moulton,* 43 NY2d 944.) This is especially so in light of the fact that the defendant's appointed counsel was present and did not contradict any of defendant's accusations concerning his readiness to proceed to trial. (Cf. *People v Bostic,* 34 AD2d 597.) We also note that counsel for codefendant William Welcome corroborated the defendant's lack of confidence in his appointed counsel and the defendant's repeated efforts to obtain information for the trial through other means. As a consequence of the trial court's refusal to grant his application for new counsel, the defendant decided to proceed *pro se.* A decision to proceed *pro se* will be effective only if "the defendant was cognizant of the dangers of waiving counsel at the time [the waiver] was made". (*People v McIntyre,* 36 NY2d 10, 18; *People v Harris,* 85 AD2d 742, 744, application for lv to app granted 55 NY2d 885.) The record reveals that the trial court made no attempt to apprise the defendant of the risks inherent in representing himself. Rather, the court merely presented the defendant with the option of keeping his appointed counsel or proceeding *pro se.* Upon rejecting his appointed counsel, the defendant was immediately permitted to proceed *pro se.* The trial court's failure to inquire into the defendant's choice and to inform him of the ramifications of that choice deprived the defendant of his constitutional right to effective assistance of counsel. (See *People v McIntyre, supra; People v Harris, supra.*) Lastly, in light of the fact that the defendant was proceeding *pro se,* the trial court erred in not permitting him to participate in the side-bar conferences conducted during the trial. CPL 260.20 provides that a defendant must be personally present during the trial of an indictment. Apart from this statutory provision, due process requires the presence of a defendant at his trial to the extent that a fair and just hearing would be thwarted by his absence. (*Snyder v Massachusetts,* 291 US 97, 108; *People v Mullen,* 44 NY2d 1, 5.) Thus, a defendant's presence is required at any stage of the trial which has a " 'relation, reasonably substantial, to the fullness of his opportunity to defend against the charge' (*Snyder v Massachusetts,* 291 US 97, 105-106)". (*People v Ciaccio,* 47 NY2d 431, 436.) In this case, the complaining witness was removed from the witness stand for health reasons before the defendant had an opportunity to conduct cross-examination. A lengthy side-bar conference was held to determine how and if the trial should continue. It cannot be gainsaid that under those circumstances a defendant proceeding *pro se* would have an interest in the outcome of the conference. We therefore believe that it was incumbent upon the trial court to allow the defendant to participate in the conferences. Mollen, P. J., Niehoff, Rubin and Boyers, JJ., concur.