OPINION OF THE COURT
Richard L. Buchter, J.
At a session of the Criminal Court of the City of New York, Part AP-2, held in and for the County of Queens, on March 10, 1989, in the Criminal Courts Building, 125-01 Queens Boulevard, County of Queens, City of New York, Alton H. Maddox, Jr., attorney for the above-captioned defendants, failed to appear and defend the defendants above named after having been ordered to do so and,
Further, said attorney, Alton H. Maddox, Jr., failed to appear in Part AP-2, Criminal Court of the City of New York, County of Queens, on March 13, 1989 after having been ordered to do so by Judge Richard L. Buchter, Judge of the Criminal Court, on March 10, 1989 to explain his absence on March 10, 1989 and, said judgment having been held in *108 abeyance until March 13, 1989 to afford said attorney an opportunity to appear to explain his absence to this court and, therefore, having failed to show good cause for his absence and,
Further having failed to offer any explanation for his nonappearance and,
Further, having been duly notified, repeatedly, by court personnel of this court’s order for him to appear and defend his clients on March 9, 1989 and on March 10, 1989 and, Further having failed to notify the court and opposing counsel in advance that he would be unable to appear on March 9, 1989 and March 10, 1989 and,
Further having failed to provide substitute counsel to proffer an explanation for his nonappearance and,
Further having failed to file an affidavit or affirmation of actual engagement with this court on March 9, 1989 and March 10, 1989 and,
Further, on prior occasions, including the prior day, March 9, 1989, in this same action, having failed to appear and failed to return repeated phone calls made by various court personnel to the attorney at his offices and,
Further, it appearing that no prior financial sanctions have been imposed upon this attorney pursuant to part 130-a of the Uniform Rules for Trial Courts (22 NYCRR) and,
Further, that the harm caused by the repeated failure of the attorney to appear in this matter, which had been marked ready and passed for trial, consists of the prejudice to the defendants themselves who bore the burden of attending court appearances without benefit of counsel; the inconvenience to witnesses including numerous police officers who are in court on a daily basis and the costs to the taxpayers in the form of payment to the police officers involved herein and,
Further and in accordance with Uniform Rules for Trial Courts part 130-a, entitled "Imposition of Financial Sanctions for Unjustified Failure to Attend a Scheduled Court Appearance in a Criminal Case” and the findings of fact made on the record on March 10, 1989 in the Criminal Court of the City of New York, County of Queens, Part AP-2, relevant minutes attached hereto,
And thereby Alton H. Maddox, Jr. is sanctioned for failure to appear as attorney-of-record, as ordered, at the above-mentioned time and place scheduled for the trial of People v *109 Mitchell (docket No. 8Q275257W) and People v Sharpton (docket No. 8Q275267W) on March 10, 1989 and having been afforded a reasonable opportunity to appear to offer an explanation for his absence, failed to appear.
It is therefore ordered and adjudged that Alton H. Maddox, Jr. has unjustly failed to attend a scheduled court appearance in a criminal case, committed during a session of the Criminal Court of the City of New York, Queens County, Part AP-2, and did fail to comply with Uniform Rules for Trial Courts part 130-a,
And it is further ordered and adjudged that said attorney, Alton H. Maddox, Jr., be sanctioned in the amount of $250, United States currency, payable to the Clients’ Security Fund within 10 days of the date of this order,
And it is further ordered that the District Attorney of Queens County is directed to file a certified copy of this order and judgment with the County Clerk of Queens County.
Enter judgment accordingly.