OPINION OF THE COURT
Richard L. Buchter, J.
This is a motion by the Attorney Alton Maddox seeking to *1066 vacate and set aside the order and judgment of this court imposing sanctions against him, pursuant to section 130-a.l (now § 130-2.1) of the Uniform Rules for Trial Courts (22 NYCRR), said sanctions being imposed for his failure to appear on March 10, 1989 in connection with the above-captioned matters.
The movant, inter alla, raises the following grounds in support of his application: first, that the court abused its discretion in imposing sanctions and second, that the movant was not afforded a reasonable opportunity to be heard.
The court will initially examine these contentions in light of the underlying litigation.
On January 27, 1988, in the course of a demonstration, the defendants, Mitchell and Sharpton, were issued summonses for alleged violations of subdivisions (5) and (6) of Penal Law § 240.20, disorderly conduct, a violation.
On March 2, 1988 the defendants appeared for arraignment and indicated on the record that their attorney was Alton Maddox, who was then unable to appear due to illness. An examination of the court file reflects that, thereafter, from March 2, 1988 to March 8, 1989, a period in excess of one year, while the case was pending in the Criminal Court, it was repeatedly adjourned by the defense, often without personal appearance by Mr. Maddox, the attorney of record.
The court notes that CPL 30.30 mandates the dismissal of a criminal action involving the instant charges if the People are not ready for trial within 30 days of the commencement of the action.
On March 8, 1989 the matter was again on for trial and the People answered ready, as they had on prior occasions, with their witnesses present in court. The defendants appeared unrepresented by counsel and proffered an affidavit of engagement from Mr. Maddox, indicating, inter alla, that Mr. Maddox was engaged in Kingston, New York, in the matter of People v Kieman. Upon learning that the Kingston matter was not to go forward, the court marked the underlying matter ready and passed until the next day, March 9, 1989, and directed court personnel to notify Mr. Maddox to appear.
On March 9, 1989 defendants Mitchell and Sharpton appeared, again unrepresented, and without any further affidavit of engagement from Mr. Maddox, who also failed to return the phone call made to his office by court personnel. The People answered ready for trial and the court again marked *1067 the case ready and passed until 2:00 p.m. on March 10, 1989, to allow the defendants and Mr. Maddox to appear in the morning in Brooklyn Criminal Court before Judge Koch where Mr. Maddox represented them on a pending matter. (Judge Koch was thereafter contacted and informed of this court’s action.) In addition, court personnel again notified Mr. Maddox’s office of the status of the case and of the necessity for Mr. Maddox to appear in Queens on March 10, 1989 at 2:00 p.m. for trial.
On March 10, 1989 the defendants again appeared without Mr. Maddox and without an affidavit of engagement from him. The People again answered ready for trial. Huntley Phillips, an attorney, appeared in court. However, Mr. Phillips stated on the record that he was not prepared to try the case and further indicated, in substance, that he was not appearing as substitute counsel for Mr. Maddox but merely as an accommodation to the defendants, as is reflected in the following excerpts from the minutes of the above proceeding:
"the court: * * * the District Attorney has been appearing in court with police officers, who could be out on the street performing useful services. Yesterday I didn’t hear from Mr. Maddox. I appreciate that you have appeared today in his behalf.
"mr. Phillips: Now let’s get the record clear, your Honor. I am appearing here today specially [sic] for Reverend Mitchell and Reverend Sharpton. Whatever I say on behalf of Mr. Maddox, your Honor, is just to clear up the record, so that Rev. Sharpton and Rev. Mitchell will not have further problems. What I say on behalf of Mr. Maddox is just to clear up the record of any confusion or misstatements of anything that may have been put on the record by the District Attorney or any fabrications, because there are some fabrications being put on the record, believe me, and I’ll give them to you.
"the court: It is Mr. Maddox’ [sic] fault. This case is over twelve months old and where is Mr. Maddox?
"mr. Phillips: As I told you, I came here from a prayer meeting. I’m here for Reverend Sharpton. Mr. Maddox can take care of himself’.
The court thereafter stated it would impose sanctions against Mr. Maddox pursuant to part 130-a of the Uniform Rules for Trial Courts (22 NYCRR), but stayed entry of judgment until March 13, 1989 to afford Mr. Maddox an opportunity to appear and explain his absence on March 10, *1068 1989, in accordance with 22 NYCRR 130-a.l (d). The case was then adjourned to March 13, 1989 and Mr. Maddox’s office was notified thereof. However, on March 13, Mr. Maddox once again failed to appear or to send an affidavit of engagement or to telephone the court, and on March 24, 1989 an order and judgment imposing sanctions was signed by this court (144 Misc 2d 107). On March 30, 1989 Mr. Maddox appeared before this court to request a vacatur of the judgment, whereupon the court stayed enforcement of the judgment for 90 days, to afford Mr. Maddox a further opportunity to be heard in regard to the imposition of the within sanctions.
On the afternoon of March 30, 1989, the underlying action was tried without participation by Mr. Maddox, who withdrew on the day of trial with the consent of his clients. At the trial court’s insistence, an attorney was made available to the defendants during the trial.
The court will now turn its attention to the specific grounds raised herein. The court notes that an examination of the movant’s papers yields no explanation for his failure to appear before this court on March 10, 1989. Further, Mr. Maddox has given the court no explanation of his whereabouts on the above-mentioned dates, nor any excuse for his failure to return the court’s phone calls or to contact his adversary.
Section 130-a.l (b) of the Uniform Rules for Trial Courts (22 NYCRR) provides as follows: "In determining whether an attorney’s failure to appear at a scheduled court appearance was without good cause and in determining the measure of sanctions to be imposed, the court shall consider all of the attendant circumstances, including but not limited to: (i) the explanation, if any, offered by the attorney for his or her nonappearance; (ii) the adequacy of the notice to the attorney of the time and date of the scheduled appearance; (iii) whether the attorney notified the court and opposing counsel in advance that he or she would be unable to appear; (iv) whether substitute counsel appeared in court at the time previously scheduled to proffer an explanation of the attorney’s nonappearance and whether such substitute counsel was prepared to go forward with the case; (v) whether an affidavit or affirmation of actual engagement was filed in the manner prescribed in Part 125 of the Uniform Rules for the Trial Courts of the Unified Court System; (vi) whether the attorney on prior occasions in the same action or proceeding failed to appear at a scheduled court action or proceeding; (vii) whether financial sanctions have been imposed upon the attorney pursuant to *1069 this section in some other criminal action or proceeding; and (viii) the extent and nature of the harm caused by the attorney’s failure to appear.”
In considering the above factors, the court notes that the attorney, Alton Maddox, has failed to offer a valid excuse for his nonappearance on March 10, 1989, after being repeatedly notified to appear. At no time has Mr. Maddox provided evidence that he was unaware of the court’s direction or that he was actually engaged on March 10, 1989. Section 125.1 (b) of the Uniform Rules for the Trial Courts (22 NYCRR) provides: "Engagement of counsel shall mean actual engagement on trial or in argument before any State or Federal trial or appellate court, or in a proceeding conducted pursuant to rule 3405 of the CPLR and the rules promulgated thereunder.”
Clearly the fact that an attorney is on alert, or may be on 24-hour advance notice for trial, does not satisfy the above statutory definition of "actual engagement on trial”.
As to paragraph (iii) of 22 NYCRR 130-a.l (b) above, neither the court nor the District Attorney’s Office were notified that the attorney would not appear as scheduled. Although an attorney was present on March 10, 1989, his presence was that of "a friend of the defendants” and not as substitute trial counsel ready to go forward with the case. As to paragraph (v) above, no affidavit of engagement was filed on March 9, 10 or 13, 1989. Further, the court papers disclose that the attorney failed to appear on numerous prior scheduled court appearance dates, at which time no financial sanctions were imposed. As to paragraph (viii), the harm caused by the attorney’s failure to appear in a case marked for trial consists of the prejudice to the defendants themselves, who during the lengthy course of the litigation made numerous court appearances without benefit of counsel; added congestion to the court calendar; inconvenience to witnesses appearing on numerous occasions; and cost to the taxpayers, i.e., payment to the police officers who were witnesses at trial and made needless appearances in court.
Based upon the foregoing, the court finds that the allegations raised in Mr. Maddox’s papers, that the court abused its discretion in imposing sanctions, are without merit. Mr. Maddox has failed to demonstrate in what manner the court abused its discretion in imposing the sanctions.
Regarding Mr. Maddox’s claim that he did not receive a reasonable opportunity to be heard, the court notes that *1070 section 130-a.l (d) of the Uniform Rules for Trial Courts (22 NYCRR) requires only that the attorney be afforded "a reasonable opportunity to be heard” (emphasis added). The fact that an attorney does not avail himself of opportunities by repeatedly failing to appear in court without good cause does not negate the fact that such opportunities were afforded. Here, as the lengthy record demonstrates, Mr. Maddox has indeed been afforded a reasonable opportunity to be heard. In this regard, the court notes that on March 10, 1989 entry of judgment was stayed until March 13, 1989 and thereafter, on March 30, 1989 enforcement of the judgment was stayed so that Mr. Maddox could, in fact, be heard. Thus the court finds that Mr. Maddox’s arguments on this point are, likewise, without merit.
Accordingly, the court adheres to its original order and enforcement proceedings may commence as of June 23, 1989.