OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
The conviction herein arose out of defendant’s involvement in a civil rights protest that was conducted at La Guardia Airport. According to the unrebutted evidence adduced at trial by the People, the defendant and codefendant Mitchell refused to confine their activities to a designated area and instead stood in a roadway blocking traffic and causing an extensive tie-up. Upon such evidence, both defendants were convicted of two counts of disorderly conduct and sentenced to 15 days’ imprisonment on each count, sentences to run concurrently.
Prior to trial, both defendants indicated to the court their intention to terminate the authorization of their retained counsel to act on their behalf at trial and to remain mute in the face of what they had concluded was an unfair prosecution. This decision was precipitated by the denial of their motion, made on the very day set for trial, which motion was grounded in an assertion that the office of the Queens District Attorney was biased against the defendants and that there also existed a conflict of interest precluding its trying this *686 case. The propriety of the denial of the motion is not an issue on this appeal and, in any event, it is our opinion that the motion was totally devoid of merit.
On appeal, defendants contend that the court below should have conducted a "searching inquiry” so as to determine whether they were aware of the "dangers and disadvantages” of giving up their fundamental right to counsel and that the failure of the court to do so requires a new trial (see, People v Mitchell [decided herewith]).
It clearly appears from the record that defendants were acting with the approval of their retained counsel when they indicated to the court their intent to remain mute during the proceedings. Their concomitant revocation of the attorney’s authorization to act on their behalf at trial and their rejection of the trial court’s offer to provide standby counsel were totally in accord with the advice received. Thus, it cannot be said that their decision amounted to a waiver of counsel. Indeed, the defendants indicated that they would accept no counsel other than their retained counsel but were refusing to participate in the trial only because the court was insisting on trying the case without further adjournments. We also note that retained counsel was never formally relieved or discharged. Viewed from this perspective, those cases calling for a "searching inquiry” to assure that a waiver of counsel was a knowing one are inapposite.
However, even taking the position that a waiver of counsel was involved here, a reversal of defendants’ convictions would still be unwarranted.
It is axiomatic that before a court should permit a defendant to waive his right to counsel it should be reasonably certain that the decision was made with an awareness of the value of counsel and an appreciation of the risks inherent in proceeding on one’s own (see, People v Kaltenbach, 60 NY2d 797; People v Sawyer, 57 NY2d 12, cert denied 459 US 1178). Although a searching inquiry in the form of a colloquy on the record normally provides the best assurance of the validity of the waiver, consideration of all the relevant factors and circumstances revealed in the record may provide the requisite assurance (see, People v Whitted, 113 AD2d 454).
In the case at bar, the defendants had been afforded at least 7 adjournments, 4 of which were necessitated by the failure of defendants’ counsel to appear (see, Matter of People *687 v Mitchell, 144 Mise 2d 107 [Grim Ct, Queens County, Mar. 24, 1989]; Matter of People v Mitchell, 145 Misc 2d 1065 [Crim Ct, Queens County, June 9, 1989]). The bringing of a motion of highly dubious merit on the very date set for trial coupled with defendants’ subsequent refusal to permit counsel to act on their behalf leads irresistibly to the conclusion that their action constituted a well-choreographed attempt to further delay their trial. In view of this, as well as the fact that defendants remained adamant in their decision to stand mute despite an order of standby counsel and the further fact that counsel of their choice expressly approved of their decision, it is clear that defendants’ waiver of counsel was knowing and voluntary and that inquiry by the court below on the matter would have been merely a ritualistic and superfluous exercise (see, People v Edwards, 140 AD2d 959; People v Whitted, supra; see also, People v Higgins, 23 AD2d 504, affd 16 NY2d 751; cf., People v Medina, 44 NY2d 199).
Defendant Sharpton also raises an issue as to selective or discriminatory enforcement, noting, as he did in his pretrial motion, that he and his codefendant were denied an adjournment in contemplation of dismissal, while the rest of-the group involved in the protest received such an offer. In order to sustain a defense of selective enforcement, a defendant is required to establish not only that he was prosecuted while others similarly situated were not, but also that he was targeted for prosecution for an impermissible reason (see, Wayte v United States, 470 US 598; Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693; People v Goodman, 31 NY2d 262; see generally, 31 NY Jur 2d, Criminal Law, § 243). Defendant fails to make a sufficient showing of either. Quite obviously, the People felt that defendants Sharpton and Mitchell acted in a leadership capacity and thus were not similarly situated with the rest of the group. Nor has the defendant set forth any facts from which it could be concluded that his prosecution was prompted by bias, animosity or other legal infirmity. Consequently a hearing was not required (People v Stuart, 123 AD2d 46, 49).
Finally, we do not find the sentence excessive.
Kassoff, P. J., and Williams, J., concur; Santucci, J., taking no part.